IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

INTERNATIONAL VENTURE ASSOCIATES, a United Kingdom partnership,

        Plaintiff,

v.

JOSEPH HAWAYEK, an individual,

        Defendant.

No. C 13-01254 RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

This action concerns an alleged breach of an alleged partnership agreement. Six claims for relief are asserted: (1) Breach of fiduciary duty; (2) Fraudulent concealment; (3) Intentional interference with Contract; (4) Intentional interference with economic advantage; (5) *Quantum Meruit*; and (6) Unfair Business Practices in violation of California Business and Professions Code § 17200 *et seq.*. Defendant moves to dismiss the action for lack of federal subject matter jurisdiction on the basis of lack of diversity jurisdiction or, in the alternative, for *forum non conveniens*. Pursuant to Civil Local Rule 7-1(b), this matter has been taken under submission and decided without oral argument. For the following reasons, the motion to dismiss shall be granted.

## II. BACKGROUND

Plaintiff International Venture Associate (a partnership) ("IVAP") was allegedly formed in the United Kingdom by Dan Lavin, Marco Toja and defendant Joseph Hawayek for the purpose of providing business development, strategy, research, and advisory services to major media companies. If Hawayek was ever a partner, he is no longer. Hawayek owns and manages International Venture Associates, Inc., ("IVA, Inc.)" a California corporation. The Complaint alleges that Hawayek abused his fiduciary duties by diverting to himself business that IVAP had negotiated with a third party, British Sky Broadcasting Limited ("BSkyB"). Specifically, the Complaint alleges Hawayek modified the contract from listing BSkyB and "International Ventures Associates (a partnership)" as parties to the contract to instead listing "International Venture Associates, Inc.," his California corporation, as party to the contract. IVAP asserts this change was made after Hawayek was no longer a partner and without the partnership's approval. The Complaint further asserts that, while IVAP provided services to BSkyB, payments were made to Hawayek's California bank account and Hawayek has failed to credit IVAP for the services provided.

IVAP asserts that, in October 2012, it engaged in mediation with BSkyB. After mediation was unsuccessful, it initiated legal action in California Superior Court in San Mateo against both BSkyB and Hawayek. BSkyB moved to dismiss on basis of *forum non conveniens*, and the motion was granted, finding England to be the proper forum. IVAP then initiated the present case in federal court against Hawayek only. Hawayek insists the decision to proceed against himself only was a strategic one, but that the action arises out of the same contract as was at issue in the Superior Court case. IVAP, however, insists that contract with BSkyB is only tangentially relevant to this case, as the present claims arise out of Hawayek's conduct with respect to the partnership.

Defendant Hawayek is a resident of, and domiciled in San Mateo County, California. Lavin is a United States citizen residing in the United Kingdom, but declares he is domiciled in Ohio. Toja, an unactive member of the alleged partnership, is a resident of Switzerland.

ORDER GRANTING MOTION TO DISMISS

2

### III. LEGAL STANDARD

Federal district courts have original jurisdiction over civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). To demonstrate citizenship for diversity purposes, a party must (a) be a Citizen of the United States, and (b) be domiciled in the United States. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A United States citizen domiciled abroad is not domiciled in a State and is therefore "stateless." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008). A "stateless" individual cannot sue or be sued in federal court under 28 U.S.C. § 1332(a)(1). *Id.* The party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961).

A party is "domiciled" in the location in which he or she has established a "fixed habitation or abode" and the person must have "an intention to remain there permanently or indefinitely." *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940). A party's old domicile is not lost until a new one is acquired. *Barber v. Varleta,* 199 F.2d 419, 423 (9th Cir.1952). A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely. *See Owens,* 115 F.2d at 162. The existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. *Hill,* 615 F.2d at 889.

Determination of an individual's domicile involves a number of factors, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. Statements concerning an individual's intent to change domiciles are accorded little weight when they conflict with objective facts. *Id.* (defendant's deposition regarding his alleged domicile in Hong Kong given

ORDER GRANTING MOTION TO DISMISS

3

little weight because his wife and children still lived in the United States). While physical presence is central, no one factor is controlling. *Rice v. Thomas*, 64 F. App'x 628 (9th Cir. 2003).

A partnership is considered a citizen of every State in which its individual members are citizens. *Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 569 (2004). Hence, if one of the partners were "stateless," the partnership could not sue or be sued in federal court because the partnership would also be "stateless" and lack diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003) (diversity jurisdiction unavailable because one of the partners was a U.S. citizen domiciled in Canada).

## IV. DISCUSSION

Hawayek argues this Court lacks subject matter jurisdiction to hear this case, as plaintiff has not established diversity jurisdiction. Hawayek insists Lavin's declaration that he is domiciled in Ohio is unsubstantiated and a thinly-veiled attempt to create diversity between IVAP and Hawayek.

Hawayek is a resident and domicile of San Mateo, California. It is undisputed that Toja is a resident of Switzerland and thus "stateless" for the purpose of establishing diversity jurisdiction. *See Swiger*, 540 F.3d at 184. Lavin was born in Ohio and is a United States citizen, but has been a resident of the United Kingdom for the past fourteen years. In response to defendant's motion, Lavin puts forth a litany of facts which, he insists, establish that he is still domiciled in Ohio. Lavin declares that he maintains a valid Ohio State driver's license, a United States passport, an Ohio address for U.S. tax purposes, and a long term brokerage account and bank account in Ohio. He further asserts that Ohio was the last place he voted, that he has immediate family in Ohio, that he keeps personal property in Ohio, and that he owns a burial plot in Ohio and plans to be buried there. Finally, Lavin states his current entry clearance into the U.K. expires in 2014 and he does not intend to renew it, but rather intends to move back to Ohio

ORDER GRANTING MOTION TO DISMISS
4

and live there indefinitely. While these facts make clear that Lavin has maintained connections with his family home, they do not establish a domicile in Ohio.

Beyond Lavin's self-serving declaration that he does not intend to renew his Visa upon expiration in 2014 and that he intends to return to Ohio, no objective evidence evinces such intent. Rather, the bulk of the evidence suggests Lavin has established and intends to maintain a life in England. It is undisputed that he has lived in England for fourteen years, that he is married to a U.K. citizen, that he is employed in England, and that he allegedly formed the U.K. partnership at issue in this case. As a U.S. citizen, it is not unusual that Lavin continues to pay U.S. taxes, even while domiciled abroad. It is likewise not uncommon to maintain several bank accounts, even if no longer domiciled in a particular location. That his mother and brother continue to live in Ohio gives no indication of Lavin's own intent to return there with an intent to stay, rather than visit. Lavin's self-declaration conflicts with this objective evidence and should thus be accorded little weight when determining his domicile. *See Lew*, 797 F.2d at 750.

It follows that Lavin is no longer domiciled in Ohio, but rather in the United Kingdom, and is therefore "stateless" for the purpose of establishing diversity jurisdiction. Lavin's partnership, plaintiff International Venture Associates, is therefore "stateless" and cannot establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See ISI Int'l, Inc,* 316 F.3d at 733. Accordingly, this Court lacks subject matter jurisdiction to hear this case.

In the alternative, this case should be dismissed on the basis of *forum non conveniens*, as Hawayek agreed to submit to an English court upon dismissal and is therefore amenable to service of process. *See Piper Aircraft v. Reyno*, 454 U.S. 235, 257 (1981). Furthermore, plaintiff partnership is in the United Kingdom, as well as important witnesses and documents pertaining to defendant's case. The Ninth Circuit has consistently held such factors should overcome defendant's heavy burden. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d

ORDER GRANTING MOTION TO DISMISS

5

1216 (9th Cir. 2011). This Court declines to discuss additional reasons for dismissing on the basis of *forum non conveniens*.

## V. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. The hearing scheduled for June 20, 2013 is hereby vacated.

IT IS SO ORDERED.

DATED: 6/12/13

_____
RICHARD SEEBORG
United States District Judge

ORDER GRANTING MOTION TO DISMISS