United States District Court
For the Northern District of California

1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN FRANCISCO DIVISION

10

11  INTERNATIONAL VENTURE                    No. C 13-01254 RS
    ASSOCIATES, a United Kingdom
    partnership,
12                                           **ORDER GRANTING MOTION TO**
                                             **DISMISS**
13             Plaintiff,
        v.
14
    JOSEPH HAWAYEK, an individual,
15
16             Defendant.
17  _____/

                    I.      INTRODUCTION
18
19       This action concerns an alleged breach of an alleged partnership agreement.  Six claims

20  for relief are asserted: (1) Breach of fiduciary duty; (2) Fraudulent concealment; (3) Intentional

21  interference with Contract; (4) Intentional interference with economic advantage; (5) *Quantum*

22  *Meruit*; and (6) Unfair Business Practices in violation of California Business and Professions

23  Code § 17200 *et seq.*.  Defendant moves to dismiss the action for lack of federal subject matter

24  jurisdiction on the basis of lack of diversity jurisdiction or, in the alternative, for *forum non*

25  *conveniens*.  Pursuant to Civil Local Rule 7-1(b), this matter has been taken under submission

26  and decided without oral argument.  For the following reasons, the motion to dismiss shall be

27  granted.

28                    II.     BACKGROUND

                                        ORDER GRANTING MOTION TO DISMISS

1    Plaintiff International Venture Associate (a partnership) ("IVAP")  was allegedly formed

2  in the United Kingdom by Dan Lavin, Marco Toja and defendant Joseph Hawayek for the

3  purpose of providing business development, strategy, research, and advisory services to major

4  media companies.  If Hawayek was ever a partner, he is no longer.  Hawayek owns and manages

5  International Venture Associates, Inc., ("IVA, Inc.)" a California corporation.  The Complaint

6  alleges that Hawayek abused his fiduciary duties by diverting to himself business that IVAP had

7  negotiated with a third party, British Sky Broadcasting Limited ("BSkyB").  Specifically, the

8  Complaint alleges Hawayek modified the contract from listing BSkyB and "International

9  Ventures Associates (a partnership)" as parties to the contract to instead listing "International

10  Venture Associates, Inc.," his California corporation, as party to the contract.  IVAP asserts this

11  change was made after Hawayek was no longer a partner and without the partnership's approval.

12  The Complaint further asserts that, while IVAP provided services to BSkyB, payments were

13  made to Hawayek's California bank account and Hawayek has failed to credit IVAP for the

14  services provided.

15    IVAP asserts that, in October 2012, it engaged in mediation with BSkyB.  After

16  mediation was unsuccessful, it initiated legal action in California Superior Court in San Mateo

17  against both BSkyB and Hawayek.  BSkyB moved to dismiss on basis of *forum non conveniens*,

18  and the motion was granted, finding England to be the proper forum.  IVAP then initiated the

19  present case in federal court against Hawayek only.  Hawayek insists the decision to proceed

20  against himself only was a strategic one, but that the action arises out of the same contract as was

21  at issue in the Superior Court case.  IVAP, however, insists that contract with BSkyB is only

22  tangentially relevant to this case, as the present claims arise out of Hawayek's conduct with

23  respect to the partnership.

24    Defendant Hawayek is a resident of, and domiciled in San Mateo County, California.

25  Lavin is a United States citizen residing in the United Kingdom, but declares he is domiciled in

26  Ohio.  Toja, an unactive member of the alleged partnership, is a resident of Switzerland.

27

ORDER GRANTING MOTION TO DISMISS

28

2

1

2

3                          III.      LEGAL STANDARD

4         Federal district courts have original jurisdiction over civil actions in which the matter in

5   controversy exceeds $75,000, exclusive of interest and costs, and is between "citizens of

6   different States."  28 U.S.C. § 1332(a)(1).  To demonstrate citizenship for diversity purposes, a

7   party must (a) be a Citizen of the United States, and (b) be domiciled in the United States.  *Lew*

8   *v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  A United States citizen domiciled abroad is not

9   domiciled in a State and is therefore "stateless."  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179,

10  184 (3d Cir. 2008).  A "stateless" individual cannot sue or be sued in federal court under 28

11  U.S.C. § 1332(a)(1).  *Id*.  The party asserting diversity jurisdiction bears the burden of proof.

12  *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961).

13        A party is "domiciled" in the location in which he or she has established a "fixed

14  habitation or abode" and the person must have "an intention to remain there permanently or

15  indefinitely."  *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940).   A party's old domicile is

16  not lost until a new one is acquired.  *Barber v. Varleta,* 199 F.2d 419, 423 (9th Cir.1952).  A

17  change in domicile requires the confluence of (a) physical presence at the new location with (b)

18  an intention to remain there indefinitely.  *See Owens,* 115 F.2d at 162.  The existence of domicile

19  for purposes of diversity is determined as of the time the lawsuit is filed.  *Hill,* 615 F.2d at 889.

20        Determination of an individual's domicile involves a number of factors, including:

21  "current residence, voting registration and voting practices, location of personal and real

22  property, location of brokerage and bank accounts, location of spouse and family, membership in

23  unions and other organizations, place of employment or business, driver's license and

24  automobile registration, and payment of taxes."  *Lew*, 797 F.2d at 750.  Statements concerning an

25  individual's intent to change domiciles are accorded little weight when they conflict with

26  objective facts.  *Id.* (defendant's deposition regarding his alleged domicile in Hong Kong given

27                                                        ORDER GRANTING MOTION TO DISMISS

28

3

1   little weight because his wife and children still lived in the United States).  While physical

2   presence is central, no one factor is controlling.  *Rice v. Thomas*, 64 F. App'x 628 (9th Cir.

3   2003).

4        A partnership is considered a citizen of every State in which its individual members are

5   citizens. *Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 569 (2004).  Hence, if one of

6   the partners were "stateless," the partnership could not sue or be sued in federal court because

7   the partnership would also be "stateless" and lack diversity jurisdiction under 28 U.S.C. §

8   1332(a)(1).  *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003)

9   (diversity jurisdiction unavailable because one of the partners was a U.S. citizen domiciled in

10  Canada).

11

12                                    IV.    DISCUSSION

13       Hawayek argues this Court lacks subject matter jurisdiction to hear this case, as plaintiff

14  has not established diversity jurisdiction.  Hawayek insists Lavin's declaration that he is

15  domiciled in Ohio is unsubstantiated and a thinly-veiled attempt to create diversity between

16  IVAP and Hawayek.

17       Hawayek is a resident and domicile of San Mateo, California.  It is undisputed that Toja

18  is a resident of Switzerland and thus "stateless" for the purpose of establishing diversity

19  jurisdiction. *See Swiger*, 540 F.3d at 184.  Lavin was born in Ohio and is a United States citizen,

20  but has been a resident of the United Kingdom for the past fourteen years.  In response to

21  defendant's motion, Lavin puts forth a litany of facts which, he insists, establish that he is still

22  domiciled in Ohio.  Lavin declares that he maintains a valid Ohio State driver's license, a United

23  States passport, an Ohio address for U.S. tax purposes, and a long term brokerage account and

24  bank account in Ohio.  He further asserts that Ohio was the last place he voted, that he has

25  immediate family in Ohio, that he keeps personal property in Ohio, and that he owns a burial plot

26  in Ohio and plans to be buried there.  Finally, Lavin states his current entry clearance into the

27  U.K. expires in 2014 and he does not intend to renew it, but rather intends to move back to Ohio

                                                              ORDER GRANTING MOTION TO DISMISS

28

                                              4

1    and live there indefinitely.  While these facts make clear that Lavin has maintained connections

2    with his family home, they do not establish a domicile in Ohio.

3            Beyond Lavin's self-serving declaration that he does not intend to renew his Visa upon

4    expiration in 2014 and that he intends to return to Ohio, no objective evidence evinces such

5    intent.  Rather, the bulk of the evidence suggests Lavin has established and intends to maintain a

6    life in England.  It is undisputed that he has lived in England for fourteen years, that he is

7    married to a U.K. citizen, that he is employed in England, and that he allegedly formed the U.K.

8    partnership at issue in this case.  As a U.S. citizen, it is not unusual that Lavin continues to pay

9    U.S. taxes, even while domiciled abroad.  It is likewise not uncommon to maintain several bank

10   accounts, even if no longer domiciled in a particular location.  That his mother and brother

11   continue to live in Ohio gives no indication of Lavin's own intent to return there with an intent to

12   stay, rather than visit.  Lavin's self-declaration conflicts with this objective

13   evidence and should thus be accorded little weight when determining his domicile.  *See Lew*,

14   797 F.2d at 750.

15           It follows that Lavin is no longer domiciled in Ohio, but rather in the United Kingdom,

16   and is therefore "stateless" for the purpose of establishing diversity jurisdiction.  Lavin's

17   partnership, plaintiff International Venture Associates, is therefore "stateless" and cannot

18   establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  *See  ISI Int'l, Inc,* 316 F.3d at 733.

19   Accordingly, this Court lacks subject matter jurisdiction to hear this case.

20           In the alternative, this case should be dismissed on the basis of *forum non conveniens*, as

21   Hawayek agreed to submit to an English court upon dismissal and is therefore amenable to

22   service of process.  *See Piper Aircraft v. Reyno*, 454 U.S. 235, 257 (1981).  Furthermore,

23   plaintiff partnership is in the United Kingdom, as well as important witnesses and documents

24   pertaining to defendant's case.  The Ninth Circuit has consistently held such factors should

25   overcome defendant's heavy burden.  *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d

26

27                                                                        ORDER GRANTING MOTION TO DISMISS

28

United States District Court
For the Northern District of California

1216 (9th Cir. 2011).  This Court declines to discuss additional reasons for dismissing on the basis of *forum non conveniens*.

## V.    CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted.  The hearing scheduled for June 20, 2013 is hereby vacated.


IT IS SO ORDERED.


DATED:    6/12/13

_____

RICHARD SEEBORG
United States District Judge

ORDER GRANTING MOTION TO DISMISS